UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES GODDARD, | : |
|     Plaintiff, | : |
| | : |
| v. | :   C.A. No. 15-055ML |
| | : |
| LT. ODEN, C/O LEACH, | : |
| WARDEN KETTLE and | : |
| DIRECTOR WALL, | : |
|     Defendants. | : |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

On February 17, 2015, Plaintiff James Goddard filed a *pro se* civil rights complaint together with a motion for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. Based on my review of the application and supporting documents, I conclude that Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(2); accordingly, his IFP motion will be granted if the case survives screening. However, because of the IFP application and Plaintiff's status as a prisoner, this case is subject to preliminary screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Based on my review of the operative pleading,[1] I find that it fails to state a claim upon which relief may be granted. Accordingly, I recommend that Plaintiff be granted leave to file an amended complaint within thirty days of this Court's adoption of this recommendation that states an actionable claim (if he has one). Such an amended complaint must overcome the deficits identified in this report and recommendation; if an amended complaint is not timely filed, or if the amended complaint still fails to state a claim, this action should be dismissed.

---

[1] Because Plaintiff is *pro se*, I have employed a liberal construction of his filing. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, it fails to state a claim.

I.  BACKGROUND

Plaintiff's complaint arises under 42 U.S.C. § 1983 based on his claim that he was charged and punished for three infractions ("bookings") arising from a single incident at the Adult Correctional Institutions ("ACI"). The incident occurred on May 6, 2014, when Plaintiff and another inmate in maximum security were fighting. Claiming that he should have been booked only for fighting, Plaintiff alleges that Correctional Officer Leach wrongly charged him with three infractions, two for disobedience (one for resisting attempts to restrain him and one for refusing the order to stop fighting) and one for violence (the fight itself). Plaintiff relies on ACI policy,[2] which provides that a single incident usually should be charged as a single infraction. He sues Lieutenant Oden for finding him guilty and punishing him for all three infractions when he should have been punished only for one. He appealed the guilty findings, and alleges that his appeal was wrongfully denied by Warden Kettle. As a consequence, Plaintiff states that he was in segregation for "an extra (30) days or more illegally." ECF No. 1-1 at 2 (underscoring in original). He also claims that violations of the policy are generally causing enhanced punishment and loss of earned "good time," though he does not specify whether he suffered the loss of good time credit. Finally, Plaintiff names Director A.T. Wall, asserting that Director Wall is aware "that the policy he wrote is not being followed" and is "deliberately indifferent" to the violations.

Plaintiff seeks $10,000 from each Defendant in compensatory damages, $5,000 from each Defendant in punitive damages and restoration of thirty days of good time credit.

---

[2] Plaintiff attaches to his complaint one page from the Code of Inmate Discipline (11.01-6 DOC), in the Rhode Island Department of Corrections Policy and Procedure. It states that, "[i]n most instances/circumstances, the 'charging infraction' is a single infraction. If more than one infraction occurs during a single incident, the charging infraction is the most serious one." ECF No. 1-1 at 6 (underscoring in original). The balance of the relevant section of the Code is not included.

## II. STANDARD OF REVIEW

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same used when ruling on a Rule 12(b)(6) motion to dismiss. Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Sections 1915 and 1915A also require dismissal if the Court finds that the case is frivolous or seeks damages from a defendant with immunity. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A viable complaint must also satisfy Fed. R. Civ. P. 8(a), which requires a plaintiff to include "a short and plain statement of the grounds for the court's jurisdiction . . . and of the claim showing that the pleader is entitled to relief," as well as Fed. R. Civ. P. 10(a)-(b), which requires a caption and claims set out in numbered paragraphs, each limited to a single set of circumstances.

When a *pro se* prisoner complaint fails to state a claim but is not frivolous, the First Circuit has cautioned against *sua sponte* dismissal with prejudice "without affording plaintiff notice and an opportunity to be heard." Street v. Fair, 918 F.2d 269, 272 (1st Cir. 1990) (per curiam). Instead, district courts are advised to give plaintiffs "some form of notice and an opportunity to cure the deficiencies in the complaint." Brown v. Rhode Island, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) (vacating dismissal under §§ 1915(e) and 1915A).

## III. ANALYSIS

Plaintiff's complaint, as currently drafted, fails to state a claim.

## A. Disciplinary Segregation for Thirty Days Does Not Implicate a Viable Liberty Interest

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948). Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law. Sandin v. Conner, 515 U.S. 472, 485-86 (1995) (disciplinary segregation, without more, does not implicate protected liberty interest so as to entitle prisoner to procedural protections of Due Process clause). Only changes in prison conditions resulting from discipline imposed without appropriate due process that constitute "atypical" and "significant" hardships sufficient to give rise to the loss of a liberty interest are potentially actionable under § 1983. Id. at 486; Hewes v. R.I. Dep't of Corrs., No. C.A. 00-205 S, 2003 WL 751027, at *2 (D.R.I. Feb. 11, 2003) (quoting Sandin, 515 U.S. at 484); see also Ky. Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989) (prisoner must establish liberty interest to allege due process violation).

To state a claim, a complaint must plausibly allege the loss of a liberty interest based on the imposition of conditions that are atypical and inflict a significant hardship. Hewes, 2003 WL 751027, at *2-3 (where segregation did not constitute atypical and significant hardship, no liberty interest implicated and § 1983 action dismissed). While courts differ over whether some length of disciplinary segregation may become so long as to be atypical and a significant hardship, all of the cases that follow Sandin concur that an allegation of disciplinary segregation alone is insufficient to implicate a liberty interest. See, e.g., Colon v. Howard, 215 F.3d 227, 231 (2d Cir. 2000) (segregation for 305 days or more implicates a liberty interest); Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997) (disciplinary segregation never implicates a liberty interest unless it inevitably affects the duration of the sentence); Marino v. Klages, 973 F. Supp.

4

275, 278 (N.D.N.Y. 1997) (three hundred days in disciplinary isolation is not atypical or significant deprivation as to trigger due process protections). Cf. Skinner v. Cunningham, 430 F.3d 483, 486-87 (1st Cir. 2005) (forty days of administrative segregation following prison fight resulting in death does not constitute "atypical and significant hardship").

Pursuant to Sandin and its progeny, to state a viable claim, Plaintiff must plead more than placement in disciplinary segregation for "an extra (30) days or more." See Cook v. Wall, No. 09-169S, 2013 WL 773444, at *1-2 (D.R.I. Feb. 28, 2013) (liberty interest implicated where allegations in aggregate show prisoner placed in disciplinary segregation without hearing or evidence and with improper notice of disciplinary decision). He must plausibly allege that his punishment not only violated ACI policy,[3] but also inflicted punishment that is atypical and imposes a significant hardship. Lacking such an allegation, this complaint does not adequately plead the loss of a liberty interest and must be dismissed for failure to state a claim. See Lekas v. Briley, 405 F.3d 602, 613 (7th Cir. 2005) (disciplinary segregation alone does not necessarily produce "atypical and significant hardship" under Sandin); Petaway v. C/O Duarte, C.A. No. 11-497-ML, 2012 WL 1883506, at *3 (D.R.I. May 22, 2012) (thirty days of punitive segregation is not "atypical and significant" hardship).

### B. Loss of Good Time Credit Does Not Implicate a Viable Liberty Interest and May be Heck-Barred

The cases interpreting Rhode Island's good time credit statute make clear that Plaintiff's complaint of loss of good time credit[4] fails to state a claim, in that this consequence cannot

---

[3] I note that it also is not clear that Plaintiff's charges violated ACI policy – the page Plaintiff attaches from the Code of Inmate Discipline provides that one infraction for one incident is proper in "most instances/circumstances," implying that exceptions are contemplated and permissible.

[4] Plaintiff's pleading is vague regarding whether he lost good time credit in connection with this incident. Mindful that his pleading must be read with liberality, and noting that his prayer for relief seeks "return (30) days 'good time' taken," I assume that he did.

5

amount to the loss of a liberty interest as a matter of law. Almeida v. Wall, No. 08-184S, 2008 WL 5377924, at *7 (D.R.I. Dec. 23, 2008) (Rhode Island good time credit statute is discretionary and does not create a liberty interest); see also Moore v. Begones, No. 09-543 S, 2010 WL 27482, at *4 (D.R.I. Jan. 4, 2010) (same). Accordingly, to the extent that Plaintiff's claim is based on the loss of good time credit, it should be dismissed.

Relatedly, to the extent that Plaintiff's claim of entitlement to good time credit relates to the length of his sentence,[5] his claim cannot clear the bar in Heck v. Humphrey, 512 U.S. 477, 487 (1994), which holds that, when a prisoner seeks damages pursuant to § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" in a habeas proceeding. In Edwards v. Balisok, 520 U.S. 641, 648 (1997), the Supreme Court applied Heck to prison disciplinary proceedings, holding that a claim for damages and declaratory relief brought by a state prisoner challenging the validity of a disciplinary hearing used to deprive him of good time credit is not cognizable under § 1983 unless the prisoner can demonstrate that the sanction had previously been invalidated. Pursuant to Heck and Edwards, actions under § 1983 for restoration of good time credit are not cognizable because to grant this relief would necessarily invalidate the disciplinary conviction and thereby reduce the length of incarceration in prison by restoring good time credit. See Johnson v. Livingston, 360 F. App'x 531, 532 (5th Cir. 2010) (per curiam); Walters v. Guilfoyle, 68 F. App'x 939, 940-41 (10th Cir. 2003); Williams v. Wilkinson, 51 F. App'x 553, 557 (6th Cir. 2002); see also White v. Gittens, 121 F.3d

---

[5] Heck is not implicated when a prisoner brings a challenge that does not affect the duration of his criminal sentence. Muhammad v. Close, 540 U.S. 749, 751 & n.1 (2004). Thus, Heck is not a bar when a prisoner challenges the conditions of his confinement and not the length of his confinement. See Hill v. McDonough, 547 U.S. 573, 579 (2006).

803, 806 (1st Cir. 1997) (under Heck a prisoner cannot bring § 1983 action for loss of good time credit). A state prisoner must first invalidate a disciplinary conviction in a habeas proceeding; if successful, he can bring a § 1983 action. See DeWitt v. Wall, 121 F. App'x 398, 399 (1st Cir. 2004) (per curiam).

### C. Double Jeopardy Clause Does Not Apply to Prison Discipline

"The prohibition against multiplicitous prosecutions derives from the Double Jeopardy Clause which protects against multiple punishments for the same offense." United States v. Chiaradio, 684 F.3d 265, 272 (1st Cir. 2012) (quoting United States v. Pires, 642 F.3d 1, 15 (1st Cir. 2011)) (internal quotation marks omitted). A prosecution is multiplicitous when the government charges a defendant twice for what is essentially a single crime. Id. at 272. Prison discipline falls outside the scope of double jeopardy. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."); Hullum v. Maloney, 105 F. App'x 278, 279-80 (1st Cir. 2004) (per curiam) (double jeopardy protects only against imposition of multiple criminal punishments for same offense; imposition of prison discipline is civil proceeding) (internal citations omitted); Miranda-Gonzalez v. Garcia, 13 F. App'x 11, 12 (1st Cir. 2001) (per curiam) ("Double Jeopardy Clause does not apply in prison disciplinary proceedings"); Green v. Strada, No. 1:12-cv-1089, 2013 WL 5773404, at *5 (M.D. Pa. Oct. 24, 2013) (prison disciplinary hearing is not a prosecution for Double Jeopardy Clause purposes; prison's practices of both disciplining inmate and prospectively restricting inmate privileges as result of one episode of inmate misconduct does not offend double jeopardy principles). A challenge to prison discipline based on the Double Jeopardy Clause also fails under Heck

7

because it attacks the validity of the sanction imposed. See Goins v. Washington, No. 97 C 7244, 1998 WL 30704, at *4-5 (N.D. Ill. Jan. 26, 1998).

While Plaintiff's complaint does not mention the Double Jeopardy Clause, to the extent that the Court interprets Plaintiff's claim that charging him for three infractions based on the same incident violates his constitutional right not to be exposed to double jeopardy, it fails to state a claim and should be dismissed.

### D. Claim against Director A.T. Wall Fails to State a Claim

"Section 1983 claims do not impose purely supervisory liability." Cordero-Suárez v. Rodríguez, 689 F.3d 77, 82 (1st Cir. 2012). Section 1983 liability may be imposed on a supervisor like Director Wall only if he is the primary violator or he supervised, trained or hired a subordinate with deliberate indifference to the possibility that deficient performance may eventually result in a civil rights violation. Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009); Flores v. Wall, No. CA 11-69 M, 2012 WL 4471101, at *9 (D.R.I. Aug. 31, 2012). Plaintiff's claim rests solely on the allegation in Paragraph 7 that Director Wall was made aware "that the policy he wrote is not being followed, and is causing enhanced 'punishments' and loss of earned 'goodtime.' He [was] deliberately indifferent to [the] violations." ECF No. 1-1 at 2 (underscoring and internal quotation marks in original). Otherwise, the complaint alleges no facts to support a claim against Director Wall.

Paragraph 7 is insufficient as a matter of law to expose Director Wall to § 1983 liability. Walker v. Wall, No. 13-303-M, 2013 WL 3187031, at *7 (D.R.I. June 20, 2013) (allegation that prisoner wrote letters and appeals to Director Wall and did not receive a response insufficient to state a claim for a constitutional violation). Further, the inclusion of the conclusory phrase "deliberately indifferent" adds nothing to a claim that lacks the plausible facts required to give it

content. Flores, 2012 WL 4471101, at *11 (dismissing claims against ACI warden due to lack of factual support for conclusory allegation that warden knew of plaintiff's transfer to dangerous environment). All claims directed at Director Wall should be dismissed for failure to state a claim.

## IV. CONCLUSION

Based on the foregoing, I recommend that the complaint be dismissed for failure to state a claim upon which relief can be granted. I further recommend that Plaintiff be ordered to file an amended complaint within thirty days of the Court's adoption of this recommendation. If an amended complaint is not timely filed, or if the amended complaint still fails to state a claim, I recommend that this action be dismissed with prejudice and his Motion to Proceed *in Forma Pauperis* (ECF No. 2) be denied as moot.[6] See 28 U.S.C. §§ 1915(e)(2), 1915A.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72d. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 9, 2015

---

[6] If Plaintiff timely files an amended complaint that states a claim on which relief can be granted, this Court will grant his Motion to proceed IFP; an Order, which sets out the amount to be paid as an initial filing fee and monthly until the filing fee is paid in full, will be entered at that time.